**Luis W. LEBRON, individually and as class representative, Plaintiff,**

v.

**David E. WILKINS, in his official capacity as Secretary of the Florida Department of Children & Families, Defendant.**

**No. 6:11–cv–01473–Orl–35DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 9, 2011.

John J. Dingfelder, ACLU Foundation of Florida, Inc., Tampa, FL, Maria Kayanan, Randall C. Marshall, Shalini Goel Agarwal, Aclu Foundation of Florida, Inc., Joshua Aaron Glickman, Randall Challen Berg, Jr., Shawn Alex Heller, Miami, FL, for Plaintiff.

Jason Vail, Office of the Attorney General, Jesse Panuccio, Executive Office of the Govenor, Lisa M. Raleigh, Attorney General's Office, Marion Drew Parker, Florida Department of Children and Families, Tallahassee, FL, for Defendant.

### ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court on Plaintiff's Renewed Motion for Class Certification (Dkt. 38). Plaintiff renews his request for class certification, arguing that certification is necessary because the Preliminary Injunction issued on September 24, 2011, might be subject to dissolution on mootness grounds in the event that Plaintiff finds employment. (Dkt. 38 at 2.) This is an issue that was raised by the Court during the Preliminary Injunction Hearing, during which the State was asked about the possibil-

ity that *any* class representative might be rendered inadequate over the course of protracted litigation because TANF beneficiaries often become ineligible for continued benefits after several months.

In its subsequent Response in Opposition to Plaintiff's Motion for Class Certification, the State did not address this issue but instead argued that class certification was unnecessary[1] "because the Court may presume good faith of government officials to respect such a ruling on a broadly applicable basis." (Dkt. 30 at 2.) Based on the State's stipulation that "the Department will apply such a ruling to all persons similarly situated to Plaintiff" until this matter was fully litigated, the Court denied Plaintiff's Motion for Class Certification without prejudice. (Dkt. 33 at 37.) Consistent with its stipulation, the State has since issued a Memorandum advising staff of the Florida Department of Children and Families that the drug testing program has been suspended and implementing revised procedures based upon its pre-July 1, 2011 policy for handling pending and new TANF applications, "until the preliminary injunction is dissolved." (Dkt. 38–1 at 2–4.)

Plaintiff now advises, however, that he notified the State of his intention to renew class certification and requested that the State stipulate to class certification so that the parties could avoid litigating the issue of mootness if Plaintiff found employment. (Dkt. 38–3 at 2.) As the source of his concern, Plaintiff cites *Johnson v. City of Opelousas*, 658 F.2d 1065 (5th Cir.1981), which reversed the denial of class certification in an action brought by a mother and her son to challenge the constitutionality of a nocturnal juvenile curfew ordinance. *Johnson v. City of Opelousas*, 658 F.2d 1065, 1069 (5th Cir. 1981).

In *Johnson*, the son, a minor when the suit was initiated, sought to maintain the suit as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of other persons who had been or in the future would be arrested or detained under the ordinance. *Id.* at 1067. The district court found that the

minor met the requirements of Rule 23(a) and (b)(2) but nevertheless held that class certification was "unnecessary" because "any declaratory or injunctive relief to the named plaintiffs would inure to the benefit of the similarly situated minors." *Id.* The plaintiff reached majority age during the course of the litigation, an event that rendered his claim moot because the statute no longer applied to him. *Id.* at 1070.

On review of the denial of class certification, the Fifth Circuit held that district court abused its discretion in denying certification based solely on a "lack of need" because it failed to consider the risk of mootness, which was "sufficient to create a need for certification." *Id.* at 1069–70. In light of the express finding that the suit met the requirements of Rule 23(a) and (b)(2), the court also certified the class. *Id.* at 1070.

Plaintiff here expresses concern that his success in obtaining employment could force a dissolution of the injunction, triggering the end to the effectiveness of the State's new directive. The State has apparently declined to stipulate to class certification, noting that "the facts Plaintiff now cites are no different than those presented to the Court at the time it heard argument on, and denied, class certification." (Dkt. 38–4 at 2.) Of course, the Court did not undertake a merits-based analysis of the motion for class certification because the State stipulated that it would apply the injunction broadly, if entered by the Court. In addition, when asked at the hearing whether the class representative "must be someone who is always eligible for [TANF benefits] the entire span of litigation," the State responded that "in light of the way this program works, that may not be necessary." In the absence of any stipulation on the issue of class certification, and in light of the asserted concerns raised by the Plaintiff, which appear at first blush to implicate this Court's jurisdiction, the Court finds that it is necessary to reach the merits of Plaintiff's Renewed Motion for Class Certification.

To expedite this ruling, it is hereby **ORDERED** that the State **SHALL FILE** a

---

1. The State alternatively opposed class certification on the merits, claiming that Plaintiff failed to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. (Dkt. 30 at 5–14.)

response to the Renewed Motion for Class Certification, setting forth any matters the State deems appropriate for the Court's consideration, **on or before Wednesday, November 16, 2011.** The response shall also address the following issues:

1) Whether the State still maintains that no mootness concerns are at issue even if Plaintiff obtains employment, citing legal authority or TANF provisions that support this position;

2) Whether Plaintiff's revised proposed class definition meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure; and,

3) Why the State cited *Johnson v. City of Opelousas*, 488 F.Supp. 433 (W.D.La. 1980), in its Response in opposition to class certification (Dkt. 30 at 3) for a proposition that was expressly reversed by *Johnson v. City of Opelousas*, 658 F.2d 1065 (5th Cir.1981).